No. 1389. John H. Conlon v. Eliphalet W. Blatchford et al. This was an action brought by appellees below to recover on a promissory note given for flax seed. One Dement had sold the seed to appellants in the spring, taking a note payable to appellees for the value thereof, said note containing a further agreement to sow the seed on suitable ground, harvest the same and sell it to appellees at twenty cents less than market rates, etc. Dement at the same time took an agreement signed by appellants and himself, to the effect that he, Dement, would furnish a certain kind of machine for threshing said crop at fifteen cents per bushel, and would take all their straw at nine and six dollars per ton according to quality. Dement failed to furnish any machine for threshing, and the result was the seed was very poor by reason of not being threshed in time, and much was wasted, besides the straw being a total loss. The appellant defended against the note by endeavoring to hold appellees bound by the contract of Dement and offset damages by reason of Dement's failure to fulfill his contract relative to threshing, etc. The court below treated the two contracts as not being one and the same, and held that the appellees were not bound by the Dement contract, as from the papers themselves it appeared that Dement was agent for appellees in the matter of selling the seed, and acted for himself alone in the contract as to the threshing and the straw. The judgment of the court below is affirmed. Opinion by LACEY, P. J. Judge below, J. M. BAILEY. Attorneys for appellant, Messrs. C. J. & C. C. JOHNSON; for appellees, Mr. W. STAGER. Opinion filed Dec. 4. 1885.

No. 1391. Lewis Steward v. Annie H. Miller. Assumpsit by appellee against appellant on a promissory note executed by the latter to the former, resulting in a verdict and judgment for $2,968.33. The plea stricken from the files was, in substance, a plea of want of consideration, and all the testimony admissible under it was also admissible under the plea the note was executed without any good or valuable consideration, filed the preceding January, and upon which issue had been taken. The action of the court was right; the plea was useless and incumbered the record. There was no error in